UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RICHARD ARNAUD | CIVIL DOCKET NO. 6:25-cv-00636 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| STATE FARM FIRE AND CASUALTY COMPANY | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM RULING

Before the Court is a MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING DISMISSAL OF ALL CLAIMS FOR PENALTIES AND ATTORNEY'S FEES (the "Motion") filed by Defendant State Farm Fire and Casualty Company ("State Farm"). [Doc. 25]. Plaintiff Richard Arnaud ("Arnaud") failed to file an Opposition. For the following reasons, the Motion is GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of an insurance claim Arnaud filed with State Farm following a fire that occurred on March 24, 2023, that destroyed Arnaud's mobile home and shed. The State Fire Marshal determined the fire was intentionally set. [Doc. 25-13, p. 4, ¶ 7]. Approximately ten days before the fire, Arnaud obtained homeowner's insurance from State Farm with coverage limits of $246,000. [Doc. 25-3]. At the time of the fire, Arnaud estimated the value of his home and shed to be approximately $30,000. [Doc. 25-4, pp. 27-28].

In the weeks preceding the fire, Arnaud's wife moved out of the home and subsequently requested that she be removed from the insurance policy. [*Id.*, p. 40]. Although the property was owned as community property, Arnaud's wife later

assigned to Arnaud – without compensation – her interest in any insurance proceeds. [*Id.*, p. 38].  As a result, Arnaud was the sole party with a financial interest in the insurance claim following the loss.  [*Id.*].

After the fire, State Farm sought to investigate the cause and origin of the loss. [Doc. 25-5].  State Farm advised Arnaud that coverage would depend, in part, on whether Arnaud intentionally caused the fire.  [Doc. 25-4, pp. 229-30].  State Farm inspected the property and retained a cause-and-origin expert.  [Doc. 25-5].  State Farm also requested that Arnaud submit a sworn proof of loss and provide documentation supporting his claimed losses, including financial records, phone records, and receipts or other documentation substantiating his personal property claim.  [Doc. 25-4, pp. 232-37].  State Farm alleges that Arnaud did not submit a sworn proof of loss and did not provide the requested financial and phone records, despite State Farm's purported multiple requests and follow-up communication. [Doc. 25-5, p. 2, ¶ 5(g)].

The Louisiana State Fire Marshal completed a report regarding the fire in October 2023.[1]  [Doc. 25-12].  Arnaud obtained a copy of the report in November 2023 but did not immediately provide it to State Farm.  [Doc. 25-5, p. 69].  Instead, Arnaud notified State Farm later that month that the report had been completed and demanded payment under the policy.  [*Id.*].  State Farm independently obtained the report on December 13, 2023.  [*Id.*, pp. 74-75].  After receiving the report, State Farm

---

[1]    The Fire Marshal did not definitively conclude that Arnaud caused the fire. Specifically, the report states that "[a]t this time, all leads have been exhausted.  This case is inactive.  [I]f pertinent information arises in the future, this case shall be reopened." [Doc. 25-12, p. 6].

transferred the claim for further processing and, on January 11, 2024, tendered payment of the dwelling coverage limits in the amount of $246,000.  [*Id.*, pp. 78-79].

For Arnaud's claim for personal property losses, State Farm requested that Arnaud provide a detailed inventory of damaged items, including descriptions, ages, and supporting documentation such as receipts or photographs.  [*Id.*, pp. 80-81].  In February 2024, Arnaud provided the requested list; however, he later testified that the list did not reflect the specific items he owned but instead corresponded to a broader list of video games associated with a particular gaming system.  [Doc. 25-4, pp. 87-88].

Arnaud later submitted revised inventories of personal property, including an additional video game listing and other household items such as tools and equipment.  [*Id.*, pp. 118-26, 326-33].  These submissions included asserted values but generally did not include supporting documentation.  [*Id.*].  State Farm retained a "video game expert" to review the video game inventory.  [Doc. 25-8].  This expert opined that the claimed collection would be unusually extensive and that certain items listed were either extremely rare or not widely available.  [*Id.*, pp. 1-3].  The expert also noted similarities between Arnaud's list and publicly available compilations of video game values.  [*Id.*, p. 2].

State Farm made multiple payments on the personal property claim.  [Doc. 25-5, pp. 170-72].  In June 2025, State Farm tendered $20,468.57, which included amounts for claimed losses as well as penalties and attorney's fees associated with delays.  [*Id.*, pp. 170-71].  In December 2025, State Farm issued an

additional payment of $8,447.99 for certain items and debris removal expenses. [*Id.*, p. 172].

State Farm also obtained Arnaud's bank records, which according to State Farm, did not reflect purchases consistent with some of the higher-value items claimed. [*Id.*, p. 5, ¶ 5(kk)]. Arnaud did not provide additional documentation supporting his personal property claim until after the close of discovery. [*Id.*, p. 5, ¶¶ 5(hh)-(kk)]. At that time, Arnaud submitted limited documentation, including two invoices and one receipt, which State Farm claims is still under valuation at the time this Motion was filed. [*Id.*, p. 5, ¶ 5(nn)].

On March 28, 2025, Arnaud filed suit in the 13th Judicial District Court in Evangeline Parish against State Farm. [Doc. 1-2]. In his Petition, Arnaud asserts that State Farm acted in bad faith in adjusting his claims, which entitles Arnaud to payment of all coverages not previously paid as well as bad faith penalties and attorney's fees. [*Id.*]. The matter was removed to this Court on May 9, 2025, on the basis of diversity jurisdiction. [Doc. 1].

State Farm filed the instant Motion on March 16, 2026. [Doc. 25]. In its Motion, State Farm argues that summary judgment is warranted as to Arnaud's claims for bad faith penalties and attorney's fees because: (1) State Farm's failure to pay was not arbitrary or capricious; (2) a genuine coverage dispute existed that precluded bad faith; and (3) Arnaud failed to provide State Farm with a satisfactory proof of loss within the necessary time frame. [Doc. 25-2]. As Arnaud's response deadline has passed without an opposition filed, the Motion is ripe for ruling.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). But there is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

However, a federal court may not grant a "default" summary judgment simply because no response has been filed. *See Eversley v. MBank of Dallas*, 842 F.2d 172, 174 (5th Cir. 1988). But where no opposition has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *See id.* The court is not obligated to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Nevertheless, a nonmovant's failure to file a timely response – standing alone – does not support an entry of summary judgment; the movant must still show that there is no genuine dispute of material fact and that it is entitled to summary judgment as a matter of law. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 2002).

### LAW AND ANALYSIS

Federal courts sitting in diversity jurisdiction apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). In an action that requires "the interpretation of insurance policies issued in Louisiana, Louisiana substantive law governs [a court's] decisions." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003).

### I.      Dwelling Claim

In Louisiana, insurers must conform to their obligations to adjust and pay claims in good faith, or they may face consequences through paying penalties to their insureds. Under La. R.S. § 22:1892(A)(1), insurers must "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured…." Insurers may be subject to statutory penalties, attorney's fees, and costs if they act in a manner that is arbitrary, capricious, or without probable cause. La. R.S. § 22:1892(B)(1)(a). When this fire occurred, La. R.S. § 22:1973(A) similarly required insurers to pay "the amount of any claim due within sixty days after receipt of satisfactory proof of loss."[2] A failure to pay that was "arbitrary, capricious, or without probable cause" could subject an insurer to statutory penalties, attorney's fees, and costs. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1020 (La. 2003).

To recover under these statutes, an insured must prove: "(i) that the insurer received a satisfactory proof of loss; (ii) that the insurer failed to pay the claim within

---

[2]      La. R.S. § 22:1973(A) has since been repealed but was in effect when this fire occurred.

the applicable statutory period; and (iii) that the insurer's failure to pay was arbitrary and capricious." *Marcelle v. S. Fid. Ins. Co.*, 954 F. Supp. 2d 429, 434 (E.D. La. 2013)*, citing Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009).  "To prove that an insurer's failure to pay was 'arbitrary and capricious,' the insured must submit 'clear proof' that the insurer's refusal to pay was 'vexatious.'" *Id.* at 435*, quoting Reed*, 857 So. 2d at 1021.

On the other hand, "statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed*, 857 So. 2d at 1021.  That is, genuine coverage disputes preclude bad faith penalties.  *Reed v. U.S. Fid. & Guar. Co.*, 302 So. 2d 354, 358 (La. App. 3d Cir. 1974).  So "when an insurer seeks summary judgment" for a bad faith penalties claim – "an issue on which the insured will bear the burden of proof at trial – the insured must offer some evidence in support of their bad faith claim to defeat summary judgment." *Marcelle*, 954 F. Supp. 2d at 435.

The State Farm policy expressly excludes damages if an insured intentionally causes or procures a loss to property covered under the policy.  [Doc. 25-3, p. 25].  Furthermore, "'[a]n insurer's failure to pay based on a good faith belief of arson is not arbitrary and capricious.'" *Nautilus Ins. Co., v. Cavazos*, 2024 WL 3158109, at *4 (W.D. La. June 24, 2024)*, quoting Young v. State Farm Fire & Cas. Ins. Co.*, 426 So. 2d 636, 645 (La. App. 1st Cir. 1982).  A defendant must prove, by a preponderance of the evidence, "'(1) that the fire was of an incendiary origin, and (2) that the plaintiff was responsible for setting the fire.'" *Id., quoting Kelly v. Commercial Union Ins. Co.*, 709

F.2d 973, 975 (5th Cir. 1983).  Yet, "[a] motive [on the part of the insured], plus the incendiary origin of the fire, would, in the absence of believable rebuttal evidence, be sufficient to sustain the affirmative defense [of arson] pleaded by the insurer." *Ashworth v. State Farm Fire & Cas. Co.*, 738 F. Supp. 1032, 1032 (W.D. La. 1990).

Here, it is undisputed that the fire was intentionally set.  [Doc. 25-4, p. 39]. The only question was who set the fire.  [Doc. 25-12].  Thus, the fire that destroyed the insured's house was clearly "of an incendiary origin."  *Nautilus,* 2024 WL 3158109, at *4.  As to the plaintiff's responsibility for starting the fire, "[a]n insurer need only show that an insured had a motive in starting the fire.…"  *Id.*  A financial motive can be sufficient, and a financial motive may "be found where the amount of the claim greatly exceeds the property's value."  *Id., citing Evans v. State Farm General Ins. Co.*, 833 So. 2d 1143, 1147 (La. App. 2d Cir. 2002).

Arnaud insured his home for more than eight times what he believed the property was worth. [Doc. 25-4, pp. 27-29].  Specifically, Arnaud's property was worth approximately $30,000, and his policy covered up to $246,000, which he received in full.  [*Id.*, pp. 38-39].  An insured's receipt of more than eight times the value of the property is sufficient to infer a financial motive, as such an amount "greatly exceeds the property's value."  *See Nautilus*, 2024 WL 3158109, at *4.  Accordingly, State Farm has demonstrated both the incendiary origin of the fire as well as the insured's potential financial motive.  This is sufficient to demonstrate that State Farm's failure to pay Arnaud was not arbitrary or capricious.

As noted above, Arnaud failed to file an opposition to State Farm's instant Motion. And after a thorough review of the record, this Court has not found any evidence sufficient to rebut State Farm's showing that its failure to pay Arnaud was based upon the suspicion of arson. Consequently, as there exists no genuine dispute of material fact, summary judgment is warranted as to bad faith penalties and attorney's fees for Arnaud's dwelling claim.

## II.    Personal Property Claims

Arnaud also sought recovery under the policy for personal items he claimed were destroyed in the fire, such as an extensive video game collection and various household items. State Farm claims that Arnaud failed to provide satisfactory proof of loss such that Arnaud cannot meet his burden under La. R.S. § 22:1892 and is therefore not entitled to bad faith penalties or attorney's fees.

"Satisfactory proof of loss [ ] must include 'the extent of damages,' and the plaintiff bears the 'burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause.'" *Korbel v. Lexington Ins. Co.*, 308 F. App'x 800, 803 (5th Cir. 2009), *quoting Reed*, 857 So. 2d at 1019. When an insured fails to provide adequate proof of purchase and costs for his claimed losses, an insurer's failure to pay the insured's fire loss claim is not arbitrary, capricious, or unreasonable. *Hut of Louisiana, Inc. v. Zurich Ins. Co.*, 372 So. 2d 687, 689 (La. App. 1st Cir. 1979).

Here, after a thorough review of the record and considering Arnaud's failure to file an opposition, this Court finds that Arnaud has failed to provide satisfactory proof

of loss such that State Farm is entitled to judgment as a matter of law. Multiple facts support the conclusion that Arnaud failed to provide satisfactory proof of loss. First, Arnaud failed to return satisfactory proof of loss to State Farm prior to the discovery deadlines. [Doc. 25-4, pp. 41-42]; [Doc. 25-5, p. 2, ¶ 5(g)]. Second, Arnaud testified that he did not have a credit card, and thus all the purchases would have been on Arnaud's debit card. [Doc. 25-4, p. 55]. However, State Farm provides evidence that Arnaud's bank records do not corroborate purchases consistent with the more expensive items on Arnaud's content list. [Doc. 25-5, p. 5, ¶ 5(kk)].

Finally, Arnaud has failed to provide documentation to substantiate his purportedly extensive video game collection, allegedly valued at nearly $130,000. [Doc. 25-4, pp. 118-26]. According to State Farm's retained video game expert, Arnaud's possession of such an extensive video game collection without any photographs or "documentation is … highly suspect." [Doc. 25-8, pp. 1-3]. Furthermore, according to the video game expert, some of the video games that Arnaud claimed to own did not even exist at the time of the fire nor were they ever sold in stores. [*Id.*].

In sum, these facts support the finding that Arnaud failed to provide sufficient proof of loss to State Farm. Accordingly, there is no genuine dispute of material fact, and summary judgment is warranted as to bad faith penalties and attorney's fees for Arnaud's personal property claims.

### III.   Other Claims

State Farm also seeks summary judgment on all other claims for bad faith penalties and attorney's fees.  Specifically, State Farm seeks dismissal of claims for bad faith penalties and attorney's fees for: (i) damage to "other structures" on Arnaud's property; (ii) rental expenses Arnaud incurred; and (iii) debris removal expenses.  *See* [Doc. 25-13, ¶¶ 13-14, 16, 18, 21].  As to "other structures," Arnaud admitted that his shed did not sustain any fire damage.  [Doc. 25-7, pp. 6-7].  As to rental expenses, State Farm has paid the rental expenses and bad faith penalties and attorney's fees for any delays associated with this payment.  [Doc. 25-5, pp. 170-71].  And State Farm also tendered payment for the debris removal in a timely manner. [*Id.*, p. 172].  Accordingly, dismissal of each of these foregoing claims is warranted.

Finally, State Farm seeks dismissal of Arnaud's claims for reimbursement of premiums paid after March 24, 2023.  [Doc. 25-13, ¶ 17].  Here, Arnaud himself acknowledged that his policy cancellation only became effective once it was submitted in writing on December 15, 2023.  [Doc. 25-4, pp. 34-36, 228].  Accordingly, Arnaud is not entitled to reimbursement for premiums paid before his policy was actually cancelled.

In sum, Arnaud cannot meet his burden for any of the remaining claims for bad faith penalties and attorney's fees, or his claim for reimbursement of premiums. Accordingly, there is no genuine dispute of material fact, and summary judgment is warranted as to these remaining claims.

## CONCLUSION

For the foregoing reasons, the Court finds that State Farm's MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING DISMISSAL OF ALL CLAIMS FOR PENALTIES AND ATTORNEY'S FEES [Doc. 25] is GRANTED.

Accordingly,

IT IS HEREBY ORDERED that Arnaud's claims for bad faith penalties and attorney fees are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 21st day of April 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE